UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FERNANDO CAMPS,<br><br>    Plaintiff,<br><br>v.<br><br>GORE CAPITAL, LLC, et al.,<br><br>    Defendants. | Case No. 3:17-cv-01039<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

On November 18, 2020, Plaintiff Fernando Camps filed a motion to extend (Doc. No. 194) the November 13, 2020 deadline for serving written discovery in this action established by the amended initial case management order (Doc. No. 183). Defendant Angela Evans opposes the requested extension. (Doc. No. 195.) Camps has filed a reply in support of his motion. (Doc. No. 196.) On December 8, 2020, Camps filed a motion to ascertain the status of his motion for an extension. (Doc. No. 197.) Camps's motion to ascertain status (Doc. No. 197) is GRANTED. The status of his motion for an extension is as follows:

On September 8, 2020, the Court issued an amended initial case management order setting November 13, 2020, as the deadline for service of written discovery and December 30, 2020, as the deadline for completion of all written discovery and fact witness depositions. (Doc. No. 183.) On November 5, 2020, as these deadlines approached, the Court held a telephonic case management conference with the parties, who "report[ed] that discovery is progressing and will conclude as scheduled by December 30, 2020." (Doc. No. 193.) Following that conference, the Court ordered that "[a]ll deadlines set by the Amended Initial Case Management Order (Doc. No. 183) remain in place." (Doc. No. 193.) On November 18, 2020, five days after the deadline

for serving written discovery had passed, Camps filed his motion for an extension, asking for an additional ten days "to issue and re-issue certain third-party subpoenas for documents." (Doc. No. 194, PageID# 1947.) Camps states that "[t]he reason for the delay in serving the subpoenas was purely administrative error, as the subpoenas were substantially prepared but not finalized by November 13, 2020." (*Id.*) Evans opposes the extension.

Although Camps did not identify the subject of the tardy subpoenas in his motion, Evans states—and Camps does not deny—that they "are intended for individuals and entities related to #AE20, a car racing enterprise that was previously dismissed for lack of personal jurisdiction." (Doc. No. 195, PageID# 1951.) Camps first attempted to serve subpoenas on the same entities in March 2020. (Doc. No. 164-1.) The intended targets filed a motion to quash (Doc. No. 164) and, at the Court's direction, the parties filed a joint discovery dispute statement (Doc. No. 174) regarding the subpoenas, among other issues. The Court held a telephone conference with counsel for the parties and the target entities on April 21, 2020, after which the Court terminated the motion to quash to allow for independent resolution of the issues raised. (Doc. No. 172.) That is the last that the Court heard from Camps regarding this discovery. Evans therefore argues that Camps's motion for an extension to serve third-party subpoenas is "belated and lethargic . . ." ; that the proposed extension, combined with the third-parties' anticipated opposition to the subpoenas, "will result in delay and jeopardize the entire [case management] schedule[;]" and that granting the extension will result in undue prejudice to Evans. (Doc. No. 195, PageID# 1951–52.) Camps responds that his failure to meet the deadline for serving written discovery was the result of excusable neglect and that Evans will not be prejudiced by the extension. (Doc. No. 196.)

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Where, as here, a party seeks to extend a

deadline after it has passed, Rule 6(b)(1)(B) requires a showing of both "good cause" and "excusable neglect" for failing to act before the deadline passed. Fed. R. Civ. P. 6(b)(1)(B); s*ee also Gardner v. Dye*, No. 3:15 C 00669, 2016 WL 9244200, at *4 (M.D. Tenn. July 1, 2016) ("Under Rule 6(b)(1)(B), we may extend a deadline after its expiration 'for good cause . . . if the party failed to act because of excusable neglect.'" (quoting Fed. R. Civ. P. 6(b)(1)(B))). The Court balances five factors to determine whether excusable neglect is present: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). With respect to finding good cause, "[t]he primary measure . . . is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). The Sixth Circuit has held that "a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16(b)(4) advisory committee's note to 1983 amendment). "Another relevant consideration is possible prejudice to the party opposing the modification." *Inge*, 281 F.3d at 625.

Camps has not offered any explanation for his failure to move for an extension before the deadline to serve written discovery passed; he argues only that his failure to meet the deadline was the result of "administrative error" and "miscommunications" with local counsel. (Doc. No. 196, PageID# 1954.) Even assuming, however, that Camps's failure to act by the deadline can be characterized as excusable neglect, the Court finds that Camps has not shown the diligence

3

Case 3:17-cv-01039   Document 198   Filed 12/14/20   Page 3 of 5 PageID #: 1965

necessary to demonstrate good cause for modifying the scheduling order. Camps has not addressed the relevant standard for good cause, and his argument that his counsel's "administrative error" serves "as his 'good cause'" misconstrues the well-established standard. (*Id.*) Courts in this circuit have found that "[c]arelessness or attorney error is insufficient to constitute good cause . . . ." *Smith v. T. Marzetti Co.*, No. 1:18-CV-00089, 2019 WL 4044024, at *3 (W.D. Ky. Aug. 27, 2019); *see also Trs. of Plumbers & Steamfitters Local Union No. 43 Health & Welfare Fund v. Crawford*, No. 1:06-CV-245, 2007 WL 2905616, at *2 (E.D. Tenn. Oct. 2, 2007) ("'[M]ere inadvertence' by the moving party, even coupled with an absence of prejudice to the non-moving party, is insufficient to establish good cause." (citation omitted)); *Birge v. Dollar Gen. Corp.*, No. 04-2531, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006) ("A litigant's inattention or error is not good cause by any standard." (citation omitted)). Camps concedes that he *could* have complied with the deadline, if not for attorney error. He states that "[t]he subpoenas were completed and ready to be noticed to opposing counsel by November 9, 2020[,]" but "the final steps were inadvertently missed by the November 13, 2020 deadline." (Doc. No. 196, PageID# 1954–55.) Camps therefore could have met the scheduling order deadline at issue if his counsel had acted diligently. *See Leary*, 349 F.3d at 906; *Crawford*, 2007 WL 2905616, at *2. Finally, Camps states that, in the intervening seven months, he was involved in "long, protracted, costly and ultimately futile" efforts to obtain the requested discovery. (Doc. No. 196, PageID# 1956.) Given the nature of counsel's communications with the Court on this issue, the Court does not doubt that the negotiations were contentious. But, if Camps anticipated he would not be able to resolve this issue independently, it

4

Case 3:17-cv-01039    Document 198    Filed 12/14/20    Page 4 of 5 PageID #: 1966

was his responsibility to take the necessary steps to bring it back before the Court by issuing the subpoenas. He had months to do so but did not.[1]

For these reasons, Camps's motion to extend the deadline for serving written discovery in this action (Doc. No. 194) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

---

[1] As Evans points out, had Camps served the subpoenas on November 9 or November 13, 2020, as he states he intended to do, he would not have complied with this Court's Local Rule 45.01(d), which requires that, "[w]henever a party issues a subpoena for the production of documents to a person not a party to the action pursuant to Fed. R. Civ. P. 45, the party issuing the subpoena must serve a copy of the subpoena by facsimile, electronically, or by hand delivery upon counsel for every other party to the action at least two (2) business days prior to service of the subpoena." M.D. Tenn. R. 45.01(d) (timing of subpoenas for production of documents).